**Joe THOMPSON, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden,**
**Respondent-Appellee.**

No. 31156

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 11, 1971.

---

Joe Thompson, pro se.

Robert P. Jackson, Asst. Dist. Atty.,
9th Jud. Dist. Court, Alexandria, La.,
for appellee.

Before GEWIN, GOLDBERG and
DYER, Circuit Judges.

* [1] Rule 18, 5 Cir. See Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of

**PER CURIAM:**

The sole issue this Court must deter-
mine upon this appeal from the District
Court's denial of habeas corpus relief is
whether the District Court erred in
holding that Thompson intelligently
waived his right to counsel when he
pleaded guilty to the charge of simple
burglary.

The District Court found the relevant
facts to be as follows:

1. Petitioner was offered assistance
   of counsel in open court and
   refused such assistance.

2. More than six years intervened
   between his plea of guilty and
   sentencing [and the filing of his
   petition for habeas corpus in the
   state court], yet petitioner did
   not attempt to withdraw his
   guilty plea or seek counsel.

3. The record affirmatively shows
   that the petitioner told the judge
   that he fully understood the con-
   sequences and possible sentence
   that might be imposed.

4. During the week before the six-
   year sentence was imposed the
   same defendant plead guilty to an
   armed robbery charge in an ad-
   joining parish. There, he was
   represented by appointed counsel.
   This is evidence sufficient to
   show that he knew of his right to
   have counsel and knew of his
   right that counsel would be fur-
   nished to him without charge.

■ We find no clear error in the
District Court's findings of fact, and
agree that the files and records refute
appellant's contention that his waiver of
counsel was invalid. *See* Lujan v. Unit-
ed States, 5 Cir., 1970, 431 F.2d 871.

Affirmed.

New York et al., 5 Cir. 1970, 431 F.2d
409, Part I.